CIVIL ACTION NO. _____        COMMONWEALTH OF KENTUCKY
                                                                          22nd JUDICIAL CIRCUIT
                                                                          FAYETTE CIRCUIT COURT
                                                                                   DIVISION \_\_\_

HERMAN HENDERSON,                                                          PLAINTIFF
on behalf of HIMSELF and ALL
OTHERS SIMILARLY SITUATED

*Jury Trial Demanded.*

v.            **CLASS AND COLLECTIVE ACTION COMPLAINT**

*Electronically filed.*

PIERATT'S, INC.                                                                            DEFENDANT
110 MOUNT TABOR ROAD
LEXINGTON, KENTUCKY 40517

         SERVE:    DAVID W. COX
                            REGISTERED AGENT OF SERVICE
                            110 MOUNT TABOR ROAD
                            LEXINGTON, KENTUCKY 40517

                                           \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

NOW COMES the Plaintiff, Herman Henderson, on behalf of himself and all others similarly situated, by and through counsel, and for this Class and Collective Action Complaint against Defendant, Pieratt's, Inc. (hereinafter referred to as "Pieratt's" or "Defendant"), states as follows:

## NATURE OF THE ACTION

1. Plaintiff, on behalf of himself and all others similarly situated, brings this action against Pieratt's for legal relief to redress unlawful violations of statutory provisions within the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the Kentucky Wage and Hour Act ("KWHA"), KRS Chapter 337. Defendant's violations of the FLSA

1



and KWHA have deprived Plaintiff, as well as others similarly situated to him, of wages to which they are entitled by law.

2. Plaintiff, individually, as well as other similarly situated employees, current and former, routinely worked for Defendant in excess of forty (40) hours per week without receiving any overtime compensation as required by 29 U.S.C. § 207(a) and KRS § 337.285. Pursuant to 29 U.S.C. § 216(b), Plaintiff is permitted to maintain this action "for and in behalf of himself [...] and other employees similarly situated," and, pursuant to Ky. CR 23, further seeks certification of a class for those claims brought under KRS § 337.285.

3. Defendant additionally subjected Plaintiff and other similarly situated employees, current and former, to illegal deductions and withholdings of their earned wages in violation KRS § 337.060. Plaintiff is further permitted to maintain, and does seek to certify under Ky. CR 23, an action to recover those unlawfully withheld wages on behalf of himself and a class of employees to whom those wages are entitled.

4. This action is brought to recover unpaid overtime compensation and withheld wages owed to Plaintiff and all current and former employees of Defendant who are similarly situated to Plaintiff, pursuant to the FLSA and KWHA. Plaintiff and all other similarly situated individuals have been or are employed by Defendant in Lexington, Kentucky.

## PARTIES

5. Plaintiff Herman Henderson is, and and at all times relevant hereto has been, a resident of the County of Fayette, Kentucky, and currently resides at 1178 Octavian Way, Lexington, Kentucky 40517. Plaintiff was employed by Defendant from about March 7, 2012 until about June 26, 2017.

6. Plaintiff consents to be a party plaintiff to this action pursuant to 29 U.S.C. § 216(b).

7. Defendant is a corporation organized and existing under the laws of the Commonwealth of Kentucky, with its principal place of business located at 110 Mount Tabor Road, Lexington, Kentucky 40517.

## JURISDICTION & VENUE

1. The causes of action contained herein are brought pursuant to 29 U.S.C. § 207(a), KRS § 337.285, and KRS § 337.060. Certification of a collective action for those claims under the FLSA is sought pursuant to 29 U.S.C. § 216(b), and certification of a class action for those claims under the KWHA is sought pursuant to the provisions of Ky. CR 23.

2. Fayette Circuit Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b) which states expressly:

> An action to recover the liability prescribed in either of the preceding sentences [of this provision] may be maintained against any employer ... in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself of themselves and other employees similarly situated.

29 U.S.C. § 216(b) (2017).

3. Fayette Circuit Court also has jurisdiction over this action pursuant to KRS § 23A.010 and KRS § 337.385.

4. Venue is proper in Fayette Circuit Court pursuant to KRS § 452.460.

## FACTS

5. Plaintiff became employed by Defendant in the position of Crew Chief on or about March 7, 2012. As Crew Chief, Plaintiff worked at Defendant's warehouse facility located on 2395 Palumbo Drive, Lexington, Kentucky 40509.

6. Plaintiff's duties included the coordination and execution of delivery services for Defendant, with Plaintiff and a coworker delivering appliances and furniture to customer residences throughout Fayette County and the surrounding area. Defendant currently employs approximately ten (10) individuals for its delivery operations, and has employed many other persons in this capacity since Plaintiff's employment first began.

7. Plaintiff and all other similarly situated employees are not exempted from the provisions under the FLSA or KWHA governing overtime compensation.

8. Defendant's delivery services do not involve interstate commerce. During the course of Plaintiff's employment, neither he nor other similarly situated employees were required to travel or make delivery to any location outside the Commonwealth of Kentucky, nor were they required to travel through any other State in order to make delivery to a location within the Commonwealth.

9. Defendant has represented to the Federal Motor Carrier Safety Administration and the U.S. Department of Transportation that its operations involve only intrastate transportation of non-hazardous materials. With this representation, Defendant, through its agent, has certified under penalty of perjury that: (1) Its carrier operations never cross State lines, including places outside the United States; (2) its carrier operations never move from the United States or U.S. territory to a foreign country, or vice versa; and (3) its carrier operations never pass through another State or foreign country during transport.

10. Throughout the course of his employment, Plaintiff regularly worked in excess of forty (40) hours per week in executing his duties as Crew Chief. Employees similarly situated

4

to Plaintiff, both current and former, also worked over forty (40) hours per week on a routine basis.

11. Defendant's compensation scheme for its delivery personnel is a complicated amalgam of different pay practices, utilizing both hourly rate and commission compensation bases, as well as nondiscretionary bonus wages. The intentional complexity of this scheme suggests an effort by Defendant to conceal the true method by which wages are computed, generally, and the complete absence of overtime wages from employee remuneration, particularly.

12. Defendant calculates employee earnings within two timeframes: (1) a regular pay period consisting of two workweeks; and (2) a bonus period that measures employee production over a four week period – i.e., two consecutive regular pay periods.

13. Each delivery employee is assigned a designated hourly rate. Defendant then tracks the amount of hours worked by an employee each work week. At the conclusion of a regular pay period, Defendant multiplies an employee's hourly rate by the number of total hours worked during the two week pay period. Defendant does not factor any overtime rate – at minimum, one and one-half times the regular rate – into its calculations for the hourly wages earned by an employee; rather, Defendant only uses an employee's designated hourly rate in its calculation.

14. For example, during the pay period covering January 25, 2016 to February 6, 2016, Plaintiff is recorded as working a total of 99.37 hours for the entire period: 56.94 for the first week, and 42.43 hours for the second.[1] Plaintiff's designated hourly rate during this

---

[1] Defendant's timekeeping practices include automatically deducting thirty minutes from the total daily hours worked by a delivery employee. Defendant does not appear to maintain any records reflecting the timing or duration of employee work breaks. As a result, the hours deducted from Plaintiff's total hours are not the product of bona

pay period was $13.63 per hour. Thus, for the first forty hours of each work week, Plaintiff should have been compensated $545.20 (40 x 13.63). For all hours worked by Plaintiff in excess of forty (40), he should have been received one and one-half times his regular rate – $20.45 (rounded) – per hour. Plaintiff should have received $346.42 (16.94 x 20.45) in overtime pay for the first week of the period, and $49.69 (2.43 x 20.45) in overtime pay for the second week. The combined regular and overtime wages owed to Plaintiff for this pay period total $1,486.51. However, Defendant calculated Plaintiff's wages for that period at $1,354.41, which it arrived at by multiplying Plaintiff's total hours worked in the period, 99.37, by his designated hourly rate of $13.63. For the purposes of this example, the difference in the wages owed to Plaintiff and those paid to him by Defendant is $132.10.

15. In addition to an employee's hourly wages, Defendant also tracks daily commission earnings. Commissions for delivery personnel do not refer to any sort of sales or related activity; rather, as used by Defendant, a commission is the combined volume and mileage accrued by an employee. "Volume" in this context refers to 0.95% of the total monetary value of goods delivered by an employee in a day. "Mileage" is defined as 8% of the total daily miles traveled by an employee. The combination of these two percentages make up an employee's daily commission, which are totaled at the end of each two week pay period.

---

fide break deductions. Thus, the figures contained in this example are included only for illustrative purposes, and do not constitute any admission or stipulation by Plaintiff regarding the amount of hours he worked in the pay period discussed therein.

16. At the conclusion of each regular pay period, Defendant compares a delivery employee's total hourly wages for the period against the total amount of commissions accrued during the same timeframe. Defendant then pays the employee the greater of the two figures.

17. Regardless if a delivery employee's pay is based on an hourly rate or total commissions, Defendant does not compute or include any overtime pay when determining the compensation it will pay that employee.

18. In addition to the above facets of this compensation scheme, Defendant also incorporates nondiscretionary bonus compensation into delivery employees' wages. This nondiscretionary bonus is similar to a production bonus, and is determined by calculating 10% of an employee's commissions over the course of two regular pay periods. The bonus is included in the employee's paycheck for the latter of the two pay periods.

19. Despite the nondiscretionary nature of this bonus compensation, Defendant makes no calculation for overtime pay when determining the amount of bonus wages owed to its delivery employees.

20. Ostensibly, Defendant conditions the payment of the full bonus amount on whether an employee has received commission compensation for the two regular pay periods comprising the bonus period. If an employee is paid on commission for only one of the pay periods, receiving hourly pay for the other, the difference between the amount of commission and hourly wages is deducted from the bonus amount. For a bonus period featuring only hourly compensation, Defendant deducts the entire amount of the bonus.

21. The conditions placed on employee bonuses are arbitrarily applied. On a number of occasions, Plaintiff has received bonus pay for periods in which he has earned only

7

hourly wages for the two pay periods comprising the bonus period. Plaintiff has also received his full bonus amount during periods in which he earned commission for one pay period, but hourly wages for the other. Further yet, Plaintiff has had his entire bonus amount deducted for periods in which he has paid solely on a commission basis.

22. Defendant also makes substantial deductions to employee bonuses for a number of other reasons, including but not limited to: (1) after receiving complaints or damages claims from delivery customers; (2) to compensate for damages sustained by the company's delivery trucks; and (3) as punitive measures for violations to company policies.

23. Defendant often does not explain the nature of these deductions to its delivery personnel, and no record of the deductions are included in employee pay stubs or deposit statements. Moreover, the pay stubs and deposit statements provided to delivery employees do not contain an accurate accounting of hours worked, or explain how the wages paid to employees are computed.

24. The inconsistent amount of wages paid as a result of Defendant's hybrid compensation scheme, in conjunction with the boilerplate nature of the pay stubs issued to employees, effectively precludes employees from understanding the manner in which Defendant calculates their wages. Moreover, Defendant's blatant attempts to conceal its calculation methods have prevented delivery employees from discovering the absence of overtime pay from their compensation.

25. Plaintiff has attempted on several occasions to seek clarity on the manner in which he was compensated by Defendant, making inquiries to his supervisors and to Defendant's human resources personnel. When Defendant's agents responded to his requests,

Plaintiff was not provided with information sufficient to evaluate Defendant's calculation of his wages, nor was he informed that overtime pay was not included in his compensation.

26. Plaintiff resigned from employment with Defendant about June 26, 2017. Throughout the entire course of Plaintiff's employment, from about March 7, 2012 to about June 26, 2017, Plaintiff did not receive any additional compensation for hours he worked in excess of forty (40) per week, and was routinely subjected to prohibited withholdings of his earned wages.

## CLASS AND COLLECTIVE ALLEGATIONS

27. Plaintiff incorporates by reference each and every allegation of paragraphs 1 through 25 above, as if fully set forth with particularity herein.

28. Plaintiff brings this action on his own behalf and on behalf of a class and collective of persons similarly situated, defined as follows:

> All current and former delivery employees of Pieratt's, Inc., who were not paid overtime compensation for hours worked in excess of forty (40) per week or whose wages were subject to deductions for reasons other than those explicitly permitted by KRS § 337.060.

29. There are potentially numerous other similarly-situated current and former delivery employees of Defendant who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of Court-Supervised Notice of the present lawsuit and given the opportunity to join the present lawsuit pursuant to 29 U.S.C. § 216(b).

9

30. In addition, Plaintiff brings KWHA claims for violations of KRS § 337.285 and § 337.060 on behalf of himself and the class of persons described in paragraph 27, pursuant to Ky. CR 23.

31. The members of the Class are so numerous that joinder of all members is impractical and inefficient such that the requirements of CR 23.01(a) are met. Plaintiff does not know the exact number of class members, but is informed and believes that between forty (40) to sixty (60) individuals employed as delivery personnel have been denied overtime compensation and have been subjected to unlawful wage withholdings by Defendant. Plaintiff is informed and believes that the identities of the class members may be ascertained from the files and records within Pieratt's possession and control, and from other information sources.

32. There are common questions of law and fact affecting the class members, including but not limited to whether the delivery employees were improperly denied overtime compensation, whether Pieratt's withheld wages from their pay, and whether those withholdings were prohibited by law. The requirements of CR 23.01(b) are met.

33. The claims of the representative plaintiff, Herman Henderson, are typical of the claims of the class as a whole. Plaintiff is a member of the class and has suffered harm due to the failure of Defendant to pay him overtime compensation for hours he worked in excess of forty (40) per week, as well as from Defendant's prohibited withholding of his earned wages. The requirements of CR 23.01(c) are met.

34. Plaintiff will fairly and adequately protect the interests of the class pursuant to CR 23.01(d). The interests of Plaintiff are consistent with and not antagonistic to the

interests of the class. Plaintiff has retained counsel experienced in prosecuting violations of the KWHA, class and collective actions, and complex litigation.

35. The prosecution of separate actions by individual members of the class would create a risk that inconsistent or varying adjudications with respect to individual members of the class would establish incompatible standards of conduct for the party opposing the class and would substantially impair or impede the interest of the other members of the class to protect their interests. Certification under CR 23.02(a) is appropriate.

36. Plaintiff is informed and believes, and records obtained from Defendant indicate, that Defendant has acted on grounds generally applicable to the class thereby making final injunctive relief or declaratory relief appropriate with respect to the class as a whole. Certification under CR 23.02(b) is appropriate.

37. This class action is superior to other available methods for the fair and efficient adjudication of the controversy between the parties. Plaintiff is informed and believes that the interests of the members of the class in individually prosecuting a separate action is low, in that most class members would be unable to individually prosecute an action. Plaintiff is informed and believes that the amounts at stake for individuals are sufficiently small for many or most class members such that separate suits would be impracticable, and most members of the class would not be able to find counsel to represent them. Plaintiff is informed and believes that it is desirable to concentrate all litigation in one forum because it will promote judicial efficiency to resolve the common questions of law and fact in one forum rather than multiple courts or divisions. Certification under CR 23.02(c)(i)–(iii) is appropriate.

11

38. Individualized litigation also presents a potential for inconsistent or contradictory judgments. By contrast, the class action device presents far fewer management difficulties; allows the hearing of claims that might otherwise go unaddressed because of the relative expense of bringing individual lawsuits; and provides the benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court. Plaintiff is informed and believes that the files and records of Pieratt's contain in easily accessible and computer-readable format, a last known address and other identifying information for class members, and information necessary and convenient to identify class members, determine their economic damages, and prosecute this case expeditiously as a class action. Certification under CR 23.02(c)(iv) is appropriate.

## CAUSES OF ACTION

### COUNT I – VIOLATION OF THE FLSA

39. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 38 above, as if fully set forth with particularity herein.

40. By its actions alleged herein, Defendant has willfully, knowingly, and/or recklessly violated the provisions of the FLSA and corresponding federal regulations with respect to Plaintiff and other similarly situated individuals who are or were employed by Pieratt's.

41. Defendant has willfully and intentionally engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly compensate Plaintiff and other present and former similarly situated employees in accordance with 29 U.S.C. § 207.

42. As a result of Defendant's violations of the FLSA, Plaintiff, as well as others similarly situated, have suffered damages by failing to receive overtime wages in accordance with 29 U.S.C. § 207.

43. Defendant has made no good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and other similarly situated employees.

44. As a result of the unlawful acts of Defendant, Plaintiff and all similarly situated individuals have been deprived of their rightful overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation.

## COUNT II – VIOLATION OF THE KWHA

45. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 44 above, as if fully set forth with particularity herein.

46. By its actions alleged herein, Defendant has willfully, knowingly, and/or recklessly violated the provisions of the KWHA and corresponding state regulations with respect to Plaintiff and other similarly situated individuals who are or were employed by Pieratt's.

47. Defendant has willfully and intentionally engaged in a widespread pattern and practice of violating the provisions of the KWHA, as detailed herein, by failing to properly compensate Plaintiff and other present and former similarly situated employees in accordance with KRS § 337.285, and by unlawfully withholding wages earned by Plaintiff and other present and former similarly situated employees in violation of KRS § 337.060.

48. Defendant has made no good faith effort to comply with the KWHA with respect to its compensation of Plaintiff Henderson and other similarly situated employees.

49. As a result of the unlawful acts of Defendant, Plaintiff and all similarly situated individuals have been deprived of their rightful overtime compensation and earned wages in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation.

## PRAYER FOR RELIEF

50. WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated individuals, pursuant to 29 U.S.C. §§ 207 and 216(b), KRS §§ 337.060 and 337.285, and Ky. CR 23, prays for the following relief:

   a. That pursuant to 29 U.S.C. § 216(b), at the earliest possible time, he be allowed to give notice, or that the Court issue such Notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed as a delivery employee by Pieratt's. Such notice shall inform those persons that this action has been filed and of their right to opt into this lawsuit if they were not paid overtime compensation for hours worked in excess of forty (40) per week;

   b. Certification of a class pursuant to Rule 23 as defined above;

   c. That Plaintiff Henderson and the class and collective members be awarded damages in the amount of their respective unpaid or withheld compensation, plus an equal amount of liquidated damages, and/or prejudgment interest;

    d. Reasonable attorneys' fees;

    e. The costs and expenses of this action; and

    f. Such other further legal and equitable relief, including but not limited to, any injunctive and/or declaratory relief, to which they may be entitled.

## JURY DEMAND

51. Plaintiff, on behalf of himself and all others similarly situated, requests a jury trial for all claims set forth above.

                        Respectfully submitted,

                        /s/ Jeremiah W. Reece
                        Jeremiah W. Reece
                        P. Stewart Abney
                        Abney & McCarty, PLLC
                        2950 Breckenridge Lane, Suite 13
                        Louisville, Kentucky 40220
                        T: (502) 459-4108
                        F: (502) 459-4188
                        E: jeremiah@amkylaw.com
                        E: stewart@amkylaw.com
                        *Counsel for Plaintiff*

| AOC-E-105    Sum Code: CI |  | NOT ORIGINAL DOCUMENT |
|---|---|---|
| Rev. 9-14 | | 09/18/2017 10:45:22 AM |
| | | Case #: 17-CI-03072 |
| | | 84528 |
| Commonwealth of Kentucky | | Court: **CIRCUIT** |
| Court of Justice    Courts.ky.gov | | County: **FAYETTE** |
| CR 4.02; Cr Official Form 1 | **CIVIL SUMMONS** | |

*Plantiff,* HENDERSON, HERMAN VS. PIERATT'S, INC., *Defendant*

TO:   **DAVID W COX**
       **110 MOUNT TABOR ROAD**
       **LEXINGTON, KY 40517**

Memo: Related party is PIERATT'S, INC.

The Commonwealth of Kentucky to Defendant:
**PIERATT'S, INC.**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Vincent Riggs, Fayette Circuit Clerk
Date: **08/25/2017**

Presiding Judge: HON. ERNESTO M. SCORSONE (622298)

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

  To: _____

☐ Not Served because: _____

  Date: _____, 20_____

_____
Served By

_____
Title

Summons ID: @00000770717
CIRCUIT: 17-CI-03072 Certified Mail
HENDERSON, HERMAN VS. PIERATT'S, INC.



Page 1 of 1

**eFiled**